IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:02-548-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Furman Benjamin Quattlebaum, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant has filed a motion "regarding my sealed document 'Grand Jury Transcripts.'" (Dkt. # 3466, filed June 16, 2011). Defendant contends that he "is now on his 2255 and [has] an issue dealing with the testimony/evidence presented [to] the Grand Jury." Mot. at 1.

In certain situations, disclosure of grand jury minutes and transcripts is appropriate where justice demands. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1978). These situations have been codified at Fed.R.Crim.P. 6(e)(3)(C) which provides for disclosure:

> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; [or]
>
> (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury . . . .

F.R.Crim.P. 6(e)(3)(C). Accordingly, upon a showing of "particularized need" the court may grant disclosure of matters involving grand jury proceedings. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681-82 (1958).

Upon consideration, the court finds that Defendant has failed to make the requisite showing of a "particularized need" for the production of these transcripts. First, the court notes that the trial of this matter concluded May 2, 2003. Additionally, these transcripts were produced to counsel

for Defendant as verified by the Government at the pretrial conference held in this matter on January 23, 2003. *See* Dkt. # 924 (noting that grand jury transcripts had been provided to defense counsel).[1]

Defendant's original appeal and appeal after resentencing have concluded. Defendant has had numerous opportunities, including before and during the trial of his case, to raise assertions of alleged improprieties before the grand jury. The fact that Defendant may now be pursuing a § 2255 motion is insufficient to show a "particularized need" for these transcripts.

Therefore, Defendant's motion is **denied**.[2]

**IT IS SO ORDERED.**

                                               s/ Cameron McGowan Currie
                                               CAMERON MCGOWAN CURRIE
                                               UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 20, 2011

---

[1] This court entered a protective order that any transcript of testimony before the grand jury which may have been disclosed to defense counsel prior to the trial of this matter was to be returned to the United States Attorney at the conclusion of the trial. See Protective Order (Dkt. # 797, filed Jan. 2, 2003).

[2] Defendant also filed a letter seeking "a copy of the list" where attorneys who were involved in this multi-defendant case "had to sign so the defendants could view their discovery." Letter (Dkt. #3467, filed June 16, 2011). Upon inquiry to the United States Marshal, the court has determined that the list no longer exists.