UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:02-548-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Furman Benjamin Quattlebaum, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment in part, and appoints Kenneth M. Mathews, Esq., to represent Defendant in this matter for purposes of a hearing on the issue discussed below.

### BACKGROUND

In July 2002, Defendant, together with forty-two (42) co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1] On December 20, 2002, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Defendant that if he was convicted of the above-referenced offense, he was subject to enhanced penalties based upon three prior qualifying convictions.

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On

---

[1] The original indictment was superseded three times to add charges relating to other defendants. However, substantive charges against Defendant Quattlebaum which were added by these superseding indictments were dismissed the first day of trial, and Defendant was tried on the conspiracy count only.

1

February 26, 2004, Defendant was sentenced to life in prison and a term of supervised release of ten years.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing. Defendant's conviction was, however, affirmed. *See United States v. Davis*, *et al.*, 270 F. App'x 236 (4th Cir. 2008).

On July 23, 2008, Defendant appeared for resentencing. After due consideration of the Sentencing Guidelines and other factors under 18 U.S.C. § 3553, Defendant was sentenced to 300 months' imprisonment. Defendant thereafter appealed, and on April 12, 2011, the Fourth Circuit affirmed Defendant's sentence. *United States v. Quattlebaum*, 423 F. App'x 332 (4th Cir. 2011).

Defendant filed this motion for relief on July 12, 2012, contending that he received ineffective assistance of both trial and appellate counsel.

On October 19, 2012, the Government responded in opposition to Defendant's motion, moving for summary judgment but acknowledging that an evidentiary hearing is necessary as to Defendant's third ground for relief. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant filed a response to the Government's motion on November 13, 2012.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such

deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d

895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, *supra*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

### GROUND ONE

In his first Ground for Relief, Defendant argues counsel did not review discovery with Defendant and did not sign Defendant up to have him (Defendant) transported to the courthouse to review discovery. Defendant maintains that he suffered prejudice based on this alleged ineffectiveness because he was unaware of the evidence against him until the start of trial and then it was "too late" to make an "informed decision" on pleading guilty or going to trial and Defendant "was not able to comprehend the scope of the Government's case against him." Reply at 7 (ECF No. 3710, filed Nov. 13, 2012).

Defendant's claim of being unaware of the evidence against him is belied by the record in this matter. Prior to and during the trial of this matter, Defendant filed *pro se* motions which evidenced his familiarity with the discovery in this matter. For example, Defendant filed a *pro se*

4

motion to dismiss based upon selective prosecution which references specific pages of certain testimony before the grand jury which indicted Defendant. *See* "Motion to Dismiss Indictment Due to Selective Prosecution" at 2 (ECF No. 1185, filed Mar. 6, 2003). Additionally, that same day, Defendant filed another *pro se* motion which indicates "[t]he defendant was advised by [his] attorney that the government intends to use several individuals to testify during the defendants' trial, and such testimony is supposed to incriminate the defendant[] . . . ." Mot. to Suppress Gov't Witnesses at 1 (ECF No. 1186, filed Mar. 6, 2003).

Most importantly, however, as noted by the Government, Defendant fails to establish prejudice based upon his generalized complaint that he did not have a chance to review the discovery in this matter. He fails to establish how a review of the discovery would have made a difference to the outcome of his case.

Accordingly, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### GROUND TWO

Defendant's second Ground for Relief contends counsel was ineffective at sentencing in failing to object to a prior drug conviction being considered as criminal history versus relevant conduct. The Government argues in opposition that Defendant cannot establish prejudice even assuming the validity of Defendant's position. In Reply, Defendant maintains that if the prior conviction had been considered relevant conduct and not criminal history, he would not be in the same criminal history category as he would not have been assessed other points under U.S.S.G. §§

4A1.1(d) and (e).[2]  *See* Reply at 11 (ECF No. 3710).

Defendant's argument is misplaced.  Even if the prior conviction (possession of cocaine, first offense) had been counted as relevant conduct versus criminal history, Defendant would have been assessed the other criminal history points which he was assessed.  Therefore, Defendant cannot establish prejudice, and for the reasons stated by the Government, which the court adopts, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

**GROUND THREE**

Defendant's Third Ground for Relief maintains counsel was ineffective in failing to convey to him a plea offer by the Government.  In response to Defendant's motion, the Government presents the affidavit of attorney John M. Ervin, III, who represented Defendant at trial, on appeal, and at resentencing.  Ervin attests that Defendant

> alleges counsel never discussed the Government's plea offer prior to trial, which is completely false.  The offer was not in a written plea agreement but the offer was communicated to the [Defendant] . . . and [was] flatly rejected more than once.  There was no delay in providing the offer to the [Defendant] when it was made by the Government.

Aff. of John M. Ervin, III, at 3 (ECF No. 3702-5, filed Oct. 9, 2012).  In reply, Defendant attests "Ervin never discussed the Government's plea offer with me.  I do not know when the plea offer was made, but I cannot remember Ervin ever visiting me after the filing of the Third Superseding Indictment and discussing a plea offer from the Government."  Aff. of Furman Benjamin Quattlebaum at ¶ 6 (ECF No. 3710-1).  Defendant further avers that "[i]f Erving had discussed a 20-year plea offer with me, I would have accepted it."  *Id*. at ¶ 7.

---

[2]The "recency" provision under U.S.S.G. § 4A1.1(e) was deleted from the Guidelines in 2010 by Amendment 742, and § 4A1.1(f) was redesignated as (e).  However, the amendment deleting the "recency" provision has not been made retroactive under § 1B1.10(c).

6

In 2012, the Supreme Court decided *Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376 (2012). In *Lafler*, the Court reiterated that a Defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. 132 S. Ct. 1384. If a plea offer is made and not conveyed to a defendant, counsel is deemed ineffective. Assuming that a plea offer was made by the Government and not conveyed to Defendant, the court presumes, without deciding, that counsel was ineffective.

However, Defendant must still establish prejudice. That is, Defendant must show that but for the ineffective assistance of counsel, there is a

> reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

As the facts are disputed as to whether the Government's plea offer was conveyed to Defendant, an evidentiary hearing is required on this point. Accordingly, the court appoints counsel and sets this matter for hearing on this Ground as outlined below.

### GROUND FOUR

Defendant's final Ground for Relief contends counsel was ineffective in failing to appeal the enhancements applied at sentencing, namely, an enhancement for role in the offense and an enhancement for possession of a weapon. The Government argues that Defendant cannot establish prejudice on this Ground as he cannot establish that even if counsel had appealed these enhancements, the court's rulings made at sentencing would have been overruled.

For the reasons stated by the Government, with which the court agrees and adopts as its

7

findings, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is **granted as to Grounds One, Two, and Four** of Defendant's motion for relief, and these Grounds are dismissed with prejudice. This court will hold an evidentiary hearing on Defendant's claim relating to whether he was informed by counsel of a plea offer by the Government. A hearing is set in this matter for **Wednesday, April 3, 2013, at 2:00 p.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to Ground Three. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints Kenneth M. Mathews, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 6, 2013